UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICKY E. LUKE,

    Petitioner,

vs.             Case No. 3:16-cv-979-J-39JBT

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

**ORDER**

  Petitioner filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) with the Clerk on August 1, 2016. Giving Petitioner the benefit of the mailbox rule, this Court finds the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (July 28, 2016). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. With respect to his inmate pro se state court filings, the Court will give Petitioner the benefit of the mailbox rule when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

Respondents, in their Response to Petition (Response) (Doc. 11), contend Petitioner has failed to comply with the one-year limitation period. Respondents filed a Notice of Filing Appendix (Appendix) (Doc. 12), containing the relevant exhibits in support of this contention.[1] Petitioner filed an Objection (Reply) (Doc. 13). See Order (Doc. 5).

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme

---

[1] The Court refers to the exhibits contained in Respondents' Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the Court will reference the page number on the particular document. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

> Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

To adequately address Respondents' contention that Petitioner has failed to comply with the limitation period, the Court provides a brief procedural history. On April 1, 2009, Petitioner was charged by Second Amended Information with sexual battery on a person less than 12 years of age. Ex. A. A jury returned a verdict of guilty as charged. Ex. C. On July 23, 2009, the trial court entered judgment and sentenced Petitioner to life imprisonment. Ex. D.

Thereafter, Petitioner timely appealed. Ex. E. On June 21, 2011, the Fifth District Court of Appeal (5th DCA) affirmed per curiam. Ex. G. The mandate issued on July 13, 2011. Ex. H. The conviction became final on Monday, September 19, 2011 (90 days after June 21, 2011) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the

appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The limitation period began to run on September 20, 2011, and ran for 297 days, until, through counsel, Petitioner filed a Rule 3.850 motion in the circuit court on July 13, 2012. Ex. I. Of note, the motion did not contain a notarized or un-notarized oath signed by Petitioner. Id. at 24. However, counsel filed an Amended Motion for Post Conviction Relief containing an un-notarized oath of Petitioner.[2] Ex. J at 298. Following an evidentiary hearing, the circuit court denied the Amended Rule 3.850 motion. Ex. N. Petitioner appealed. Ex. O. The 5th DCA affirmed per curiam on March 22, 2016. Ex. Q. The mandate issued

---

[2] Respondents urge this Court to find the initial Rule 3.850 motion did not toll the limitations period because it did not contain a notarized or un-notarized oath signed by Petitioner, and apparently also contend that the amended motion did not relate back to the filing of the deficient motion. Response at 4. The Court is unpersuaded by this argument. Under Florida law, a Rule 3.850 motion that corrects a deficient oath relates back to and is deemed filed as of the original filing date. Green v. Sec'y, Dep't of Corr., 877 F.3d 1244, 1248 (11th Cir. 2017) (citing Bryant v. State, 901 So.2d 810, 818 (Fla. 2005) (per curiam)). In Florida, the state trial court must allow a defendant at least one opportunity to amend the legally insufficient post conviction motion to meet the Rule's requirements. Id. (citing Spera v. State, 971 So.2d 754, 761 (Fla. 2007)). Here, Petitioner filed an amended, corrected Rule 3.850 motion; therefore, under Florida's rule, the corrected, Amended Rule 3.850 motion related back to the original filing date, July 13, 2012. Thus, the entire period between July 13, 2012, the date of filing of the original Rule 3.850 motion, and May 17, 2016 (the date of conclusion of the Rule 3.850 proceedings), was tolled.

4

May 17, 2016. Ex. T. Therefore, the one-year limitation period remained tolled until May 17, 2016, when the mandate issued.

The limitation period began to run May 18, 2016, and the one-year period expired 68 days later, on Monday, July 25, 2016. Based on the foregoing, the Petition, filed July 28, 2016, pursuant to the mailbox rule, is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.[3]

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted.[4]

---

[3] As Respondents note, the filing of the Motion for DNA Evidence Examination, Ex. U, did not serve to toll the one-year limitation period. Response at 4-5. Although Petitioner filed a Rule 3.853 Motion pursuant to the mailbox rule on February 8, 2016, the motion does not constitute a challenge to the underlying conviction. It merely seeks material that might help in developing a challenge. See Brown v. Sec'y for the Dep't of Corr., 530 F.3d 1335, 1338 (11th Cir. 2008) (finding a Rule 3.853 proceeding involves an application for discovery, not a challenge to the conviction, and does not toll AEDPA's limitations period during its pendency); Leath v. McNeil, No. 3:07-cv-145-J-34HTS, 2008 WL 5427781, at *3 (M.D. Fla. Dec. 30, 2008) (Not Reported in F.Supp.2d) (holding a motion for DNA testing is not an application for post conviction or other collateral review for purposes of tolling under AEDPA). Notably, the circuit court denied the Rule 3.853 motion. Ex. V. The 5th DCA, on October 4, 2016, affirmed. Ex. W. The mandate issued on October 28, 2016. Ex. X.

[4] In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in

5

Additionally, Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).[5]

Accordingly, it is now

**ORDERED:**

1. The Petition and the case are **DISMISSED WITH PREJUDICE.**

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[6] Because this Court

---

his way and that prevented timely filing. Agnew v. Florida, No. 16-14451, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by No. 1614451, 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). It is the petitioner's burden of persuasion, and this Petitioner has not asserted that he is entitled to equitable tolling or met the burden. See Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (11th Cir. 2012)), cert. denied, 135 S.Ct. 1171 (2015). Instead, Petitioner contends his Petition was timely filed. Reply at 2-3. As stated above, the Court finds the Petition is untimely filed.

[5] In his grounds for habeas relief, Petitioner raises claims of trial court error, ineffective assistance of counsel, and a deficient collateral proceeding. He does not, however, claim actual innocence, see Petition & Reply, and has failed to demonstrate that he has new evidence establishing actual innocence.

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    **DONE AND ORDERED** at Jacksonville, Florida, this 27th day of June, 2018.

_____
BRIAN J. DAVIS
United States District Judge

sa 6/19
c:
Ricky E. Luke
Counsel of Record

---

constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.